WILLIAM C. GRAY vs. CHARLES F. MOORE.

Affidavits of witnesses other than the petitioner are not admissible on the hearing of a petition for a review; and the admission of such affidavits by the court of common pleas on such a hearing is ground of exception.

PETITION for a review of a judgment rendered on the default of the petitioner in an action at law brought against him by the respondent. At the hearing in the court of common pleas, *Sanger*, J., against the respondent's objection, " both as to form and substance," admitted in evidence an affidavit of the petitioner's counsel, stating the mistake which was the ground of his omission to file an affidavit of merits, and the nature of the defence which was intended; and ordered a review. To the admission of this evidence the respondent excepted.

*B. F. Butler*, for the petitioner, being first called upon, argued that the ground of objection should have been specified at the trial, when the counsel, being present, might have been examined on oath, if desired; and that the admission of this evidence was within the discretion of the presiding judge of the court of common pleas, which could not be revised by this court. Colby's Pract. 320. *Gray* v. *Bridge*, 11 Pick. 189. *Davenport* v. *Holland*, 2 Cush. 11.

*R. B. Caverly*, for the respondent, was stopped

BY THE COURT, who sustained the exceptions, on the ground that the testimony of any witness should have been taken either *viva voce*, or by deposition, so that the adverse party might have the opportunity to cross-examine. *Rogers* v. *Hill*, 4 Mass. 349. *Coffin* v. *Abbot*, 7 Mass. 252